UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAN ZHANG, GUANG YANG, WA XUE, TIAN CHENG WANG, LIQUN CHEN, SHENQI FU, SHUYUAN SONG, YUHONG ZHANG<br><br>Plaintiffs,<br><br>v.<br><br>BAIDU.COM INC., PEOPLE'S REPUBLIC OF CHINA,<br><br>Defendants. | 1:11-cv-03388 (LBS) |

**BAIDU.COM INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS
AND TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(5)**

Carey R. Ramos
Jacob J. Waldman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

FACTUAL BACKGROUND............................................................................................................2

      A.     The Parties .........................................................................................................2

      B.     Claims Asserted and Relief Sought ..................................................................2

      C.     Procedural History ............................................................................................3

LEGAL STANDARD.......................................................................................................................5

ARGUMENT....................................................................................................................................5

      A.     The Hague Convention is the Exclusive Means as Between Signatory
            Nations For the Service of Judicial Documents Abroad.........................................5

      B.     The Ministry of Justice Exercised its Authority Under Article 13 of the
            Hague Convention to Refuse to Accept Service of Process, and Therefore
            Service Was Not Effected........................................................................................8

CONCLUSION.................................................................................................................................10

i

## TABLE OF AUTHORITIES

**Page**

### Cases

*Advanced Aerofoil Techs., AG v. Todaro*, 11-cv-9505 (ALC)(DCF),
  2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ........................................................5, 6

*Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005)...............................................9

*Davoyan v. Republic of Turkey*, 10-cv-5636,
  2011 WL 1789983 (C.D. Cal. May 5, 2011) .......................................................7, 8

*Export-Import Bank of the U.S. v. Asia Pulp & Paper Co.*, 03-cv-8554 (DCP)(JCF),
  2009 WL 1055577 (S.D.N.Y. Apr. 17, 2009).............................................................7

*Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*, 05-cv-4260 (GBD),
  2006 WL 2015188 (S.D.N.Y. July 13, 2006) .......................................................5, 6

*Gurung v. Malhotra*, 279 F.R.D. 215 (S.D.N.Y. 2011).............................................7, 8

*Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654 (S.D.N.Y. 1997) .......................5

*Pacific Worldwide, Inc. v. Ample Bright Dev., Ltd.*, 11-cv-107 (LTS)(HBP),
  2011 WL 6224599 (S.D.N.Y. Dec. 14, 2011) .............................................2, 5, 6, 7

*Preston v. N.Y.*, 223 F. Supp. 2d 452 (S.D.N.Y. 2002) ...................................................5

*Unite Nat'l Retirement Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328 (S.D.N.Y. 2008)...................6, 9

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) ...........................................5

### Other Authorities

Fed. R. Civ. P. 12(b)(5).........................................................................................2, 5, 8, 10

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents
  in Civil and Commercial Matters ("Hague Convention"), Article 1 ........................................6

Hague Convention, Article 2 ...........................................................................................1, 7

Hague Convention, Article 10 ......................................................................................6, 7, 10

Hague Convention, Article 13 ........................................................................................ passim

Hague Convention, Article 15 ............................................................................................8

## PRELIMINARY STATEMENT

This is a purported "civil rights" action seeking damages and other relief from a Chinese Internet company on the ground that it fails to respond to online search queries that might link to the writings of self-professed "promoters of democracy in China."  Plaintiffs, allegedly residents of New York, filed their action in this Court in May 2011 and proceeded to attempt to serve the summons and complaint in Beijing, China on defendants Baidu.com Inc. ("Baidu") and the People's Republic of China ("PRC" or "China") pursuant to Article 2 of the Hague Convention, to which the United States and the PRC are signatories.

Plaintiffs submitted their summons and complaint, together with form Requests for Service Abroad on Baidu and the PRC, through a litigation support service to the Chinese Ministry of Justice as the designated Central Authority for the PRC to accept service from abroad under the Hague Convention.  The Request asked the Chinese Ministry of Justice to serve plaintiffs' summons and complaint on Baidu and the PRC in Beijing.  The Ministry of Justice, however, returned the request on the ground—expressly authorized by Article 13 of the Hague Convention—that "[t]he execution of the request would infringe the sovereignty or security of the People's Republic of China."  Despite this patent failure to effect service, plaintiffs nonetheless filed with this Court a Request to Enter Default against Baidu and the PRC.  The Clerk initially issued a Certificate of Default and then *vacated* it—as "entered in error"—because, according to plaintiffs' counsel, "the Ministry of Justice did not actually serve the summons and complaint upon the defendants."[1]  Disregarding the requirements of the Hague Convention, plaintiffs then simply sent the summons and complaint[2] *by FedEx* to Baidu's address in the PRC.

---

[1] Declaration of Carey R. Ramos dated October 1, 2012 ("Ramos Decl.") Ex. 1, ¶ 27.

[2] *See* Ramos Decl. Ex. 2 (summons) and Ex. 3 (complaint).

Just under two months later, plaintiffs filed their pending motion for a default judgment ("Motion for Default Judgment") against Baidu.

As detailed below, the Supreme Court has declared—and this Court has repeatedly recognized—that the Hague Convention is the exclusive means of serving judicial documents in a signatory foreign nation. And where, as here, a signatory foreign nation declines to effect service of process within its borders because it would infringe that nation's "sovereignty or security," that determination is not subject to judicial review, but must be handled through diplomatic channels pursuant to Article 14 of the Hague Convention.

Plaintiffs' purported service should therefore be quashed and their complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

## FACTUAL BACKGROUND

### A.    The Parties

Plaintiffs Jian Zhang, Guang Yang, Wa Xue, Tian Cheng Wang, Liqun Chen, Shenqi Fu, Shuyuan Song, and Yuhong Zhang are individuals who allege they are residents of New York State and "promoters of democracy in China through their writings, publications and reporting of pro-democracy events." Compl. ¶ 7.

Defendant Baidu is a Chinese Internet search engine service. *See* Compl. ¶¶ 8, 12.

Defendant PRC is a sovereign nation and a signatory to the Hague Convention. *See Pacific Worldwide, Inc. v. Ample Bright Dev., Ltd.*, 11-cv-107 (LTS)(HBP), 2011 WL 6224599, at *2 (S.D.N.Y. Dec. 14, 2011) ("As both the United States and China are signatories to the Hague Convention, that pact governs service of process in this case.").

### B.    Claims Asserted and Relief Sought

Plaintiffs allege that Baidu "as agent and enforcer of the policies of" the PRC, Compl. ¶ 20, blocks results from its Internet search engine service that would link to plaintiffs' professed

2

"pro-democracy" writings and audio/visual programs, "all of which are available to the public on the internet via any of the well known search engines such as Google, Yahoo and Bing."  Compl. ¶ 24; *see generally* ¶¶ 20–47.  Plaintiffs further allege that defendants have "conspired to violate the rights of Plaintiffs under the United States Constitution, Title 42 §§ 1981, 1983, 1985[,] under the New York State Constitution and under New York State Human Rights Law, New York Civil Rights Law, New York State Executive Law and the New York State Constitution."  Compl. ¶ 21; *see generally* ¶¶ 48–70.

As relief, plaintiffs seek (1) attorneys fees, costs and expenses "for the filing and prosecution of this action" and (2) damages of $2 million for each plaintiff—totaling $16 million.  Compl. ¶¶ 71–72.

### C.    Procedural History

Plaintiffs filed their complaint on May 18, 2011.  Nearly a year later, on April 25, 2012, plaintiffs filed with the Court two Form USM-94 documents, each titled "Request for Service Abroad of Judicial or Extrajudicial Documents," which are forms provided by the United States Department of Justice for transmitting documents abroad pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").[3]

The two Form USM-94 documents indicate that plaintiffs attempted to effect service of the summons and complaint on Baidu and the PRC in Beijing by delivery through a litigation support service to the Chinese Ministry of Justice as the designated Central Authority for the PRC under the Hague Convention.[4]  Each Form USM-94 is also accompanied, however, by a certificate indicating that the PRC's Ministry of Justice "return[ed] the request" pursuant to

---

[3] *See* Ramos Decl. Ex. 4 at 2; Ex. 5 at 2.

[4] *See id.*

3

Article 13 of the Hague Convention because "execution of the request would infringe the sovereignty or security of the People's Republic of China (Article 13)."[5]

On the same day they filed the Form USM-94 documents, plaintiffs also submitted to the Clerk a "Request to Enter Default."[6] The Clerk initially issued a Certificate of Default, and then *vacated* it as "entered in error."[7] Plaintiffs' counsel states in his "Affirmation of Attorney in Support of Motion for Default Judgment Pursuant to Fed. R. Civ. P. Rule 55"[8] that he "believe[s]" the Court vacated the Certificate of Default because "the Ministry of Justice did not actually serve the Summons and Complaint upon the defendants."[9] Plaintiffs assert that they then attempted to "serve" the papers by sending them to Baidu's offices in Beijing via FedEx, and that an individual in the PRC employed by Baidu signed for the FedEx package on June 7, 2012.[10]

Plaintiffs filed a Motion for Default Judgment on July 24, 2012.[11] The Motion was made returnable on September 4, 2012.[12] On August 31, 2012, counsel for Baidu entered a special appearance for the limited purpose of contesting the sufficiency of service of process in this action.[13] On the same day, by letter, Baidu requested an extension of the return date of plaintiffs' Motion for Default Judgment until October 4, 2012, and a "corresponding extension of Baidu's

---

[5] Ramos Decl. Ex. 4 at 1; Ex. 5 at 1.

[6] *Id.* Ex. 6.

[7] Docket Entry # ("Dkt. #") 6.

[8] Ramos Decl. Ex. 1.

[9] *Id.* ¶ 27.

[10] *Id.* ¶¶ 30–36.

[11] *Id.* Ex. 7.

[12] Dkt. # 7.

[13] Dkt. # 11–12.

4

time to serve answering papers until Monday, October 1, 2012, at 12 noon."[14]  On September 12,

2012, the Court granted Baidu's request.[15]

## LEGAL STANDARD

It is well settled that, where a defendant challenges the adequacy of service of process, it

is the plaintiff's burden to demonstrate that service was properly effected.  *Pacific Worldwide*,

2011 WL 6224599, at *2 ("When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency

of service of process, the plaintiff bears the burden of proving its adequacy.'") (quoting *Preston

v. N.Y.*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)); *Gateway Overseas, Inc. v. Nishat (Chunian)

Ltd.*, 05-cv-4260 (GBD), 2006 WL 2015188, at *3 (S.D.N.Y. July 13, 2006) ("'Once a defendant

challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show

the adequacy of service.'") (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp.

654, 658 (S.D.N.Y. 1997)).

## ARGUMENT

### A.     The Hague Convention is the Exclusive Means as Between Signatory Nations For the Service of Judicial Documents Abroad.

Where, as here, plaintiffs in one signatory nation of the Hague Convention seek to effect

service of process upon a defendant in another signatory nation by transmitting judicial

documents abroad, "the Convention . . . provide[s] the exclusive means of valid service."

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988).  *See also Advanced

Aerofoil Techs., AG v. Todaro*, 11-cv-9505 (ALC)(DCF), 2012 WL 299959, at *2 (S.D.N.Y. Jan.

31, 2012) ("the Hague Convention's procedures for service are mandatory because Switzerland

and Germany, the countries in which Plaintiffs sought to serve the documents on the foreign

---

[14] Dkt. # 13 at 1.

[15] *Id.* at 1–2.

5

defendants, are signatories to that Convention."); *Pacific Worldwide*, 2011 WL 6224599, at *2 ("As both the United States and China are signatories to the Hague Convention, that pact governs service of process in this case."); *Gateway*, 2006 WL 2015188, at *3 ("The Hague Convention is the method of service to be used between countries that are party to the Convention."); *Unite Nat'l Retirement Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 332–33 (S.D.N.Y. 2008) ("both Mexico and the United States are signatories to the Hague Convention, and thus, service of process on the Defendants in Mexico must conform to the requirements of the Hague Convention."); Hague Convention, Article 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.").

The primary method of service under the Hague Convention, which each signatory is required to make available, is the designation of "a Central Authority which will undertake to receive requests for service coming from other contracting States . . . ." Article 1. *Aerofoil*, 2012 WL 299959, at *2 (the Central Authority is "the primary method of service permitted under" the Hague Convention). The PRC has designated its Ministry of Justice in Beijing as its Central Authority to receive such requests.

In addition, under Article 10, a plaintiff has "the freedom to send judicial documents, by postal channels, directly to persons abroad"—"*[p]rovided the State of destination does not object*," *id*. (emphasis added). But the PRC *has objected* to such service by "oppos[ing] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention."[16] The PRC's opposition to service by methods described in

---

[16] "Declarations Notification" for the PRC, available at: http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last visited

Article 10 "is honored as a treaty obligation by the United States." *Export-Import Bank of the U.S. v. Asia Pulp & Paper Co.*, 03-cv-8554 (DCP)(JCF), 2009 WL 1055577, at *3 (S.D.N.Y. Apr. 17, 2009) ("while service may and can be effected in China, under the Hague Convention, through the Chinese Central Authority, nonetheless, at the time of its accession to the Hague Convention, China gave notice of its formal objection to service by mail."); *Pacific Worldwide*, 2011 WL 6224599, at *2 ("China has objected to service by mail.").[17]

A signatory nation may likewise "refuse to comply" with a request to effect service under Article 2 if the signatory determines that service "would infringe its sovereignty or security." Hague Convention, Article 13.  Indeed, where, as here, a signatory nation rejects service under Article 13, that refusal "preclude[s] service of the complaint as contrary to the terms of the Convention and therefore impermissible under Rule 4(f)(3)." *Gurung v. Malhotra*, 279 F.R.D. 215, 218 (S.D.N.Y. 2011).

Courts do not have jurisdiction to inquire into whether the signatory nation's refusal under Article 13 was justified.  *Davoyan v. Republic of Turkey*, 10-cv-5636, 2011 WL 1789983, at *2 (C.D. Cal. May 5, 2011) ("To the extent Plaintiffs ask the Court to rule that the Republic of Turkey wrongfully denied service pursuant to Article 13, the Court lacks jurisdiction to consider that issue.")  Rather, challenges to refusal under Article 13 must be made through "diplomatic

---

September 30, 2012) (providing the PRC's notifications concerning its acceptance, rejection, or modification, as applied to the PRC, of Articles 8, 10, 15, and 16 of the Hague Convention).

[17] The PRC's opposition to service by postal channels, as provided in Article 10, is not unusual.  Another 28 of the Hague Convention's 67 signatories have similarly objected to such service.  These nations include Argentina, Bulgaria, Croatia, the Czech Republic, Egypt, Germany, Greece, Hungary, India, the Republic of Korea, Kuwait, Lithuania, Malta, Mexico, Monaco, Montenegro, Norway, Poland, the Russian Federation, San Marino, Serbia, Slovakia, Sri Lanka, Switzerland, Macedonia, Turkey, Ukraine, and Venezuela.  *See* "Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention," available at http://www.hcch.net/upload/applicability14e.pdf (last visited September 30, 2012) (chart indicating, among other things, which Hague Convention signatories have opposed service by "postal channels" under Article 10).

7

channels." *Id.* (quoting Hague Convention, Article 14, which states in full that "[d]ifficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.").

**B.      The Ministry of Justice Exercised its Authority Under Article 13 of the Hague Convention to Refuse to Accept Service of Process, and Therefore Service Was Not Effected.**

Plaintiffs concede—as their Form USM-94 documents confirm—that the PRC's Ministry of Justice refused to effect service of plaintiffs' summons and complaint upon Baidu or the PRC. Plaintiffs likewise do not, and cannot, deny that Article 13 permits a signatory to refuse to effect service for reasons of "sovereignty or security."[18]  Such refusal renders plaintiffs' attempted service ineffective and, accordingly, service of process should be quashed and this action dismissed pursuant to Fed. R. Civ. P. 12(b)(5).  *See Gurung*, 279 F.R.D. at 218; *Davoyan*, 2011 WL 1789983, at *2.

Plaintiffs' arguments to the contrary, as set forth in their Motion for Default Judgment, are misplaced, as they do not address the PRC's refusal under the Hague Convention to accept service pursuant to Article 13.  For instance, plaintiffs assert that Article 15 of the Hague Convention permits a court to enter judgment against a defendant "even if no certificate of service or delivery has been received."[19]  But Article 15 actually provides that the courts of the signatory nation from which the plaintiff attempted service may grant judgment "if . . . no certificate *of any kind* has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed" (emphasis added).  Plaintiffs do not dispute that the PRC's Ministry of Justice in fact *returned* a certificate expressly refusing service under Article 13.

---

[18] *See* Ramos Decl. Ex. 7, ¶ 17.

[19] *Id.* ¶ 19 (quoting Hague Convention, Article 15).

Neither of the cases cited by plaintiffs in support of their Motion for Default Judgment addresses a Central Authority's express refusal of service pursuant to Article 13.[20]  In both of those cases, the Central Authority *accepted* plaintiff's process, and defendants challenged *de minimis* technical departures from the Hague procedures.  *See Unite Nat'l,* 643 F. Supp. 2d at 334–35 (rejecting as "formalistic" defendant's assertion that service was improper because the certificate returned by Mexico's Central Authority did not conform precisely to the model appended to the Hague Convention); *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300–01 (2d Cir. 2005) (returned certificate in the form of a police report that contained the same information as the Hague Convention's model certificate was sufficient).  Here, through its designated Central Authority, the PRC *followed* the Hague procedures by exercising its right to decline to effect service under Article 13.

Plaintiffs' motion also asserts that the sovereignty exception under Article 13 does not apply to Baidu, and therefore the refusal to serve Baidu itself was improper.[21]  Again, plaintiffs offer no authority that the "sovereignty or security" exception applies only to service upon a sovereign, but not upon individuals or entities within that sovereign's borders, and Article 13 contains no such exception.

Finally, plaintiffs' attempted service of their summons and complaint by FedEx was also insufficient.  Plaintiffs concede that, because the U.S. and the PRC are both signatories, "service of process on a defendant in China is governed by the Hague Convention."[22]  Again, as noted above, the Hague Convention provides the exclusive means of service on a foreign signatory nation.  The Hague Convention does not authorize service by FedEx.  And even if the "postal

---

[20] *See id.* ¶¶ 66–72.

[21] *Id.* ¶ 18.

[22] *Id.* ¶ 7.

channels" described by Article 10 include FedEx, the PRC has expressly objected to the methods

set forth in Article 10, and the U.S. is bound to honor that objection as a treaty obligation.

Therefore, plaintiffs' attempted service by FedEx was insufficient as a matter of law.

## CONCLUSION

For the foregoing reasons, the court should quash service of process and dismiss the

complaint pursuant to Rule 12(b)(5).

Dated:  New York, New York
        October 1, 2012

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: /s/ Carey R. Ramos
    Carey R. Ramos
    (careyramos@quinnemanuel.com)
    Jacob J. Waldman
    (jacobwaldman@quinnemanuel.com)
    51 Madison Ave, 22nd Floor
    New York, New York 10010
    Tel.: (212) 849-7000
    Fax:  (212) 849-7100

*Attorneys for Defendant Baidu.com Inc.*