UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAN ZHANG, GUANG YANG, WA XUE, TIAN
CHENG WANG, LIQUN CHEN, SHENQI FU,
SHUYUAN SONG, YUHONG ZHANG,

                Plaintiffs,

     v.

BAIDU.COM INC., PEOPLE'S REPUBLIC OF CHINA,

                Defendants.

1:11-cv-03388 (JMF)

---

**DEFENDANT BAIDU, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Carey R. Ramos
Jacob J. Waldman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................................1

FACTUAL BACKGROUND .........................................................................................3

LEGAL STANDARD ....................................................................................................4

ARGUMENT .................................................................................................................5

    A.   *All* of Plaintiffs' Purported Causes of Action Should be Dismissed Because They Are Prohibited by the First Amendment and Because None of the Asserted Statutes Reaches Extraterritorial Conduct .....................................5

        1.   *All* of Plaintiffs' Causes of Action Should Be Dismissed Because Sanctioning Baidu for Failure to Display or Provide Access to Plaintiffs' Works Would Violate the First Amendment's Prohibition Against Compelled Speech .......................................5

        2.   *All* of Plaintiffs' Causes of Action Should Be Dismissed Because They Are Based on Statutes That Do Not Have Extraterritorial Reach.................................................6

    B.   Plaintiffs' Federal Claims Are Legally Deficient and Should Be Dismissed .........8

        1.   Plaintiffs Fail to Allege That Two or More "Persons" Conspired, That Any Alleged Conspiracy Occurred in a State or Territory, or that Plaintiffs are a Protected Class, as Required Under 42 U.S.C. § 1985.................................................8

        2.   Plaintiffs Fail to Allege That They are a Racial Minority or Experienced Discrimination on That Basis, as Required Under 42 U.S.C. § 1981.............................................10

        3.   Plaintiffs Fail to Allege That Baidu Acted "Under Color" of the Law of a State or Territory of the United States or the District of Columbia, as Required Under 42 U.S.C § 1983 .......................................11

    C.   Plaintiffs' Fourth Through Eighth Causes of Action, Alleged Under New York State and Local Laws and the New York State Constitution, Are Legally Deficient and Should Be Dismissed ....................................12

        1.   Plaintiffs State Law Claims Should Be Dismissed Because Plaintiffs  Do Not Sufficiently Allege That the Baidu Search Engine is a "Place of Public Accommodation" .........................................12

i

2.      Plaintiffs' State Law Claims Should Be Dismissed Because
        Advocacy of the "Democracy Movement in China" is Not a Creed .........12

3.      Plaintiffs' Fourth and Fifth Causes of Action, Asserted Under
        NYSCRL §§ 40 and 40-c, Respectively, Should Be Dismissed
        Because Plaintiffs Do Not Plead the Required Notification to the
        New York State Attorney General ............................................................14

CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Agency for Int'l Dev. v. Alliance for Open Soc. Int'l*,
 133 S.Ct. 2321 (2013)................................................................................5

*Am. Atheists, Inc. v. Port Auth. of N.Y. and N.J.*,
 11 Civ. 6026 (DAB), 2013 U.S. Dist. LEXIS 45496 (S.D.N.Y. Mar. 28, 2013) .................14

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..........................................................................4, 6, 12

*Beckett v. Prudential Ins. Co. of Am.*,
 893 F. Supp. 234 (S.D.N.Y. 1995) ....................................................................8

*Bernardo v. Am. Idol Prods.*,
 11-CV-0625 (CM), 2011 U.S. Dist. LEXIS 67749 (S.D.N.Y. June 21, 2011) ......................8

*Bd. of Educ. v. Barnette*,
 319 U.S. 624 (1943)..................................................................................5

*Bray v. Alexandria Women's Health Clinic*,
 506 U.S. 263 (1993) ................................................................................10

*Brundage v. U.S. Info. Agency*,
 No. 00-3124, 2000 WL 1909634 (7th Cir. 2000) ......................................................9

*Chun Suk Bak v. Flynn Meyer Sunnyside, Inc.*,
 285 A.D.2d 523 (2001) ..............................................................................14

*Davidson v. Yeshiva Univ.*,
 555 F. Supp. 75 (S.D.N.Y. 1982) ....................................................................9

*EEOC v. Arabian Am. Oil Co.*,
 499 U.S. 244 (1991)..................................................................................7

*Eisert v. Town of Hempstead*,
 918 F. Supp. 601 (1996) ............................................................................13

*Gleason v. McBride*,
 869 F.2d 688 (2d Cir. 1989) ........................................................................10

*Hennessy v. City of Long Beach*,
 258 F. Supp. 2d 200 (E.D.N.Y. 2003), ..............................................................13

*Holland v. Pinkerton Sec.*,
 68 F. Supp. 2d 282 (S.D.N.Y. 1999)..................................................................11

*Johnson v. Rowley*,
 569 F.3d 40 (2d Cir. 2009) ........................................................................4, 6

*Kashelkar v. Bluestone*,
   306 F. App'x 690 (2d Cir. 2009) ........................................................................10

*Kiobel v. Royal Dutch Petroleum Co.*,
   133 S. Ct. 1659 (2013)........................................................................2, 7

*Luongo v. Nationwide Mut. Ins. Co.*,
   No. 95 Civ. 3190 (MBM), 1996 WL 445365 (S.D.N.Y. Aug. 7, 1996) ...............14

*Miami Herald Publishing Co. v. Tornillo*,
   418 U.S. 241 (1974) ........................................................................5

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   7 F.3d 1085 (2d Cir. 1993). ........................................................................10

*Microsoft Corp. v. AT&T Corp.*,
   550 U.S. 437 (2007)........................................................................7

*People v. Kern*,
   75 N.Y.2d 638 (1990) ........................................................................14

*Rios v. Marshall*,
   530 F. Supp. 351 (S.D.N.Y. 1981) ........................................................................9

*Rochester Hosp. Svc. Corp. v. Div. of Human Rights of Exec. Dep't*,
   92 Misc. 2d 705 (Sup. Ct. Monroe Cnty. 1977) ........................................12

*Rodgers v. Tolson*,
   582 F.2d 315 (4th Cir. 1978) ........................................................................10

*Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*,
   547 U. S. 47, 61 (2006) ........................................................................5

*Santiago v. N.Y. State Dep't of Corr. Servs.*,
   725 F. Supp. 780 (S.D.N.Y. 1989) ........................................................................9

*Shah v. Wilco Sys. Inc.*,
   27 A.D.3d 169 (1st Dep't 2005) ........................................................................8

*Strickland ex rel. Strickland v. Shalala*,
   123 F.3d 863 (6th Cir. 1997) ........................................................................11

*Sturdza v. United Arab Emirates*,
   281 F.3d 1287 (D.C. Cir. 2002) ........................................................................9

*Tancredi v. Metro. Life Ins. Co.*,
   378 F.3d 220 (2d Cir. 2004) ........................................................................11

*Thomas v. Roach*,
   165 F.3d 137 (2d Cir. 1999) ........................................................................9

*United Bhd. of Carpenters, Local 610 v. Scott*,
   463 U.S. 825 (1983)........................................................................9

*Wooley v. Maynard,*
    430 U.S. 705 (1977).......................................................................................5

*Weinstock v. Ladisky,*
    197 Misc. 859 (Sup. Ct. N.Y. Cnty. 1950) .......................................................13

## **Statutes and Rules**

42 U.S.C. § 1981...........................................................................................2, 3, 10

42 U.S.C. § 1983...........................................................................................2, 3, 11

42 U.S.C. § 1985.............................................................................................2, 3, 8

Fed. R. Civ. P. 12(b)(6)........................................................................................4

Fed. R. Civ. P. 12(c) ...........................................................................................4

New York State Constitution Article I, § 11...........................................................3, 14

N.Y. Civ. Rights Law ("NYSCRL") § 40 ............................................................2, 3, 12

N.Y. Civ. Rights Law § 40-c ...............................................................................2, 3

N.Y. Civ. Rights Law § 40-d ..............................................................................3, 14

N.Y. Civ. Rights Law § 41 ................................................................................3, 14

N.Y. Exec. Law ("NYSHRL") § 292 ........................................................................12

N.Y. Exec. Law ("NYSHRL") § 296(2)(a) ..................................................................3

N.Y.C. Admin. Code ("NYCHRL") § 8-107(4)(a) ..........................................................3

## PRELIMINARY STATEMENT

This is a purported "civil rights" action seeking damages and unspecified "affirmative and equitable relief" from Baidu, Inc. ("Baidu").[1]  Baidu is a Cayman Islands company[2] with an affiliate incorporated in the People's Republic of China ("PRC") that owns and operates the website www.baidu.com and search engine (together the "Baidu Search Engine").[3]  Plaintiffs, who claim to be residents of the State of New York, allege that Baidu has violated their civil rights because the Baidu Search Engine does not return search results for articles and audio and video materials authored or created by Plaintiffs, who profess to be "supporters of the democracy movement in China."  Compl. ¶ 10.

The Complaint purports to plead eight causes of action, each based on the same alleged grievance—that Plaintiffs' works are not included in the Baidu Search Engine's search results— and seeks the arbitrary sum of $2 million in damages for each Plaintiff.  The purported causes of action are each without merit, and should be dismissed in their entirety, for the following reasons:

*First*, each and every purported cause of action violates the First Amendment by seeking to compel Baidu to display or provide access to Plaintiffs' works and viewpoints.  It is a fundamental tenet of First Amendment freedom of speech that a party may *decline* to speak, and may not be compelled to publish—or penalized for refusing to publish—the works and viewpoints of another.

*Second*, none of the statutes Plaintiffs invoke applies to the conduct of a foreign company in a foreign country.  The Complaint cannot overcome the strong presumption, as reiterated

---

[1] "Baidu, Inc." was incorrectly named "Baidu.com Inc." in the Complaint.

[2] Baidu's principal executive offices are located in Beijing, PRC.  Answer ¶ 6.

[3] The affiliate is Beijing Baidu Netcom Science Technology Co., Ltd. ("Baidu Netcom"). Answer ¶ 6.  Baidu, Inc. submits this Motion on behalf of itself only, as Baidu Netcom is not a party to this litigation.

recently in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), that statutes do not apply to foreign conduct absent clear indication of extraterritorial reach—which is absent here. Nor can Plaintiffs argue plausibly that state and even *local* statutes, or the New York State Constitution, are meant to regulate a foreign company's conduct in the PRC.

*Third*, Plaintiffs' first cause of action, based on 42 U.S.C. § 1985, should be dismissed because the PRC is not a "person" that can form a "conspiracy" within the meaning of the statute; the alleged conspiracy did not occur in a "State or Territory" of the United States but, if anywhere, in the PRC; and Plaintiffs cannot show they are members of a racial or other class that the statute protects.

*Fourth*, Plaintiffs' second cause of action, based on 42 U.S.C. § 1981, should be dismissed because Plaintiffs nowhere allege that they are members of a racial minority or that Baidu discriminated against them on the basis of their race.

*Fifth*, Plaintiffs' third cause of action, based on 42 U.S.C. § 1983, should be dismissed because Plaintiffs do not allege that Baidu carried out its alleged discrimination "under color" of the law of any state or territory of the United States or the District of Columbia.  In fact, Plaintiffs allege—without pleading any factual basis—that Baidu is the "agent and enforcer" of the policies of *the PRC*, *not* any state, territory, or district of the United States.

*Sixth*, the state law claims should be dismissed because each depends upon defining the Baidu Search Engine as a "place of public accommodation" and categorizing Plaintiffs' professed belief in promoting democracy in China as a "creed."  Neither assertion has merit, and Plaintiffs offer nothing beyond insufficient conclusory allegations to demonstrate otherwise.

*Finally*, Plaintiffs' claims pursuant to NYSCRL §§ 40 and 40-c should be dismissed because Plaintiffs fail to plead that they served notice of this suit on the New York State

Attorney General ("NYAG") at or before its commencement, as required by NYSCRL §§ 41 and 40-d, respectively.

## FACTUAL BACKGROUND

Plaintiffs allege they are residents of the State of New York and "promoters of democracy in China."  Compl. ¶ 7.[4]  Defendant Baidu, Inc. is a Cayman Islands company whose principal executive offices are located in Beijing, PRC.  Answer ¶ 6.

Plaintiffs filed their complaint on May 18, 2011, alleging that Baidu and the PRC have violated various federal, state, and local civil rights statutes, and the New York State Constitution, because the Baidu Search Engine does not return links to Plaintiffs' alleged "pro-democracy" materials.

The Complaint alleges that each of the Plaintiffs has authored articles, or created audio or video materials, advocating democracy in China, but that none of these works can be located using the Baidu Search Engine because Baidu allegedly conspired with the PRC to exclude them from search results.  Compl. ¶¶ 24–47.[5]  Plaintiffs assert that Baidu has therefore infringed upon their civil rights, and assert purported causes of action under 42 U.S.C. §§ 1981, 1983, and 1985 for violating Plaintiffs' civil rights—and in particular their rights of free speech under the First Amendment to the U.S. Constitution.

Plaintiffs also assert that Baidu has engaged in discrimination within the meaning of NYSCRL §§ 40 and 40-c, NYSHRL § 296(2)(a), NYCHRL § 8-107(4)(a), and Article I, § 11 of the New York State Constitution because the Baidu Search Engine is allegedly a "place of public accommodation" that may not discriminate against Plaintiffs on account of their professed

---

[4] The Complaint does not allege Plaintiffs' citizenship.

[5] The Complaint alleges, however, that links to Plaintiffs' works may be found using numerous other sites and search engines, including Google, Yahoo, Bing, and YouTube. *See* Compl. ¶¶ 24, 27, 30, 32, 36, 39, 42, 46.

"creed," *i.e.* "belief in democracy and the democratic process for the citizens of China." *See* Compl. ¶¶ 48–70.

Plaintiffs demand damages of $2 million for each of the eight Plaintiffs and unspecified "affirmative and equitable relief." *Id.* ¶¶ 2, 71.

Baidu filed its answer to the Complaint on August 5, 2013 and immediately thereafter filed this motion for judgment on the pleadings.[6]

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is determined by "the same standard applicable to . . . Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks omitted). "'Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor. To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 43–44 (internal citation and quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[6] On July 26, 2013, pursuant to section 3.B.i of this Court's Individual Rules and Practices in Civil Cases, we sent a letter to Plaintiffs' counsel setting forth the specific pleading deficiencies and other reasons and controlling authorities that warrant dismissal of the Complaint and seeking a more definite statement of the allegation in paragraph 14 of the Complaint that "BAIDU.COM INC. proactively censors its content *here in the United States*" (emphasis added). On August 3, 2013, Plaintiffs replied with a letter that did not resolve the pleading deficiencies and other reasons for dismissal identified in our letter or provide a more definite statement of the quoted allegation in paragraph 14 of the Complaint.

**ARGUMENT**

A.    ***All* of Plaintiffs' Purported Causes of Action Should be Dismissed Because They Are Prohibited by the First Amendment and Because None of the Asserted Statutes Reaches Extraterritorial Conduct**

   1.    ***All* of Plaintiffs' Causes of Action Should Be Dismissed Because Sanctioning Baidu for Failure to Display or Provide Access to Plaintiffs' Works Would Violate the First Amendment's Prohibition Against Compelled Speech**

The U.S. Supreme Court has long held that the First Amendment prohibits the government from compelling persons to speak or publish others' speech.  *See Wooley v. Maynard*, 430 U.S. 705, 715 (1977) (New Hampshire could not require vehicle license plates to bear the motto "Live Free or Die" because "the State 'invade[d] the sphere of intellect and spirit which it is the purpose of the First Amendment [to] reserve from all official control.'") (quoting *Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943)); *Wooley*, 430 U.S. at 714 (First Amendment freedom of thought "includes both the right to speak freely and the right to refrain from speaking at all") (quoting *Barnette*, 319 U.S. at 637); *Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 256 (1974) (invalidating requirement that newspapers provide political candidates with equal space to reply to newspapers' criticism because "compulsion to publish that which [newspaper editors believe] should not be published" is unconstitutional).

The Supreme Court recently reiterated this longstanding principle in *Agency for Int'l Dev. v. Alliance for Open Soc. Int'l*, 133 S.Ct. 2321 (2013), holding that the federal government's attempt to compel an organization to express a particular viewpoint—even as a condition for receiving federal funds—transgressed the "basic First Amendment principle that 'freedom of speech prohibits the government from telling people what they must say.'" (Quoting *Rumsfeld* v. *Forum for Academic and Institutional Rights, Inc.*, 547 U. S. 47, 61 (2006)).

Plaintiffs ask this Court to do precisely what these cases condemn—punish Baidu for declining to speak.  But Plaintiffs can no more seek to punish Baidu for refusing to publish

5

Plaintiffs' works than they can seek to sanction the *New York Times* for declining to publish a letter to the editor.  Plaintiffs should know better.  They invoke this Court's jurisdiction under the banner of "free speech"—only to ask the Court to violate a well-settled First Amendment principle.  Plaintiffs, we suspect, are not deaf to the irony of their claims—they bring them for the purpose of drawing attention to their views, *not* because they have legal merit.

    **2.**    ***All* of Plaintiffs' Causes of Action Should Be Dismissed Because They Are Based on Statutes That Do Not Have Extraterritorial Reach**

    (a)    *The Complaint fails to plead any domestic conduct on the part of Baidu.*

The Complaint fails to allege that Baidu undertook any action or conduct within the United States, much less New York State or New York City.  Plaintiffs' sole attempt to allege domestic conduct is the allegation that Baidu "proactively censors its content here in the United States in cooperation with and according to the policies and regulations of" the PRC.  Compl. ¶ 14.  This allegation is ambiguous as to whether the phrase "here in the United States" refers to the situs of the "content" or of the alleged "proactive[] censor[ing]."[7]  It is also conclusory and unsupported by any facts describing the actions—if any—Baidu allegedly undertakes "here in the United States" that constitute "proactive[] censor[ing]."  For all these reasons, this allegation is insufficient on its face to allege any domestic conduct.  *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) ("To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citation and quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

    [7]  As noted above (n. 6 at p. 4), we wrote to Plaintiffs' counsel requesting a more definite statement of this ambiguous and conclusory allegation, but Plaintiffs declined to provide it.

(b)     *The Complaint cannot overcome the presumption against extraterritorial application of United States statutes.*

Each of Plaintiffs' federal claims must be dismissed because Plaintiffs cannot overcome the presumption that the statutes underlying Plaintiffs' federal claims do not apply to conduct occurring outside the United States.  The Supreme Court recently reaffirmed this principle in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), in which Plaintiffs claimed that the defendant corporations participated in egregious human rights violations, and invoked the jurisdiction of the courts of the United States under the Alien Tort Statute ("ATS").  *Id.* at 1662. The Court found, however, that plaintiffs' ATS claims did not overcome the presumption against extraterritoriality, *i.e.* the "'presumption that United States law governs domestically but does not rule the world.'"  *Id.* at 1664 (quoting *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007)). The purpose of the presumption is to "'protect against unintended clashes between our laws and those of other nations which could result in international discord.'"  *Kiobel*, 133 S. Ct. at 1664 (quoting *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991)).

The Complaint purports to invoke generally applicable, domestic civil rights statutes to challenge conduct allegedly occurring in a foreign country in compliance with the alleged policies of a foreign country.  The Complaint makes no attempt to justify this extraordinary extension of domestic law or to plead any facts suggesting that these statutes overcome the presumption—reiterated in *Kiobel*—against the extraterritorial application of statutes in the absence of a clear indication of extraterritorial reach, which is absent here.  Accordingly, Plaintiffs' federal claims should be dismissed.

(c)     *The Complaint also fails to justify application  of state and local laws to conduct occurring in a foreign country.*

The New York State and local laws and constitutional provision that Baidu is alleged to have violated do not apply to acts committed by foreign parties in foreign countries.  For

instance, the NYSHRL, on which Plaintiffs base their sixth cause of action, is inapplicable to conduct by a foreign corporation in a foreign country.  *See, e.g.*, *Beckett v. Prudential Ins. Co. of Am.*, 893 F. Supp. 234, 238 (S.D.N.Y. 1995) (NYSHRL "does not provide a cause of action to a New York resident for discriminatory acts committed *outside* of New York by a *foreign* corporation.") (emphasis in original).

The NYCHRL, on which Plaintiffs base their seventh cause of action, is likewise inapplicable to foreign conduct by a foreign company.  *See Shah v. Wilco Sys. Inc.*, 27 A.D.3d 169, 175 (1st Dep't 2005) ("Under both New York State law and the New York City Administrative Code, applicability of the NYCHRL is limited to acts occurring within the boundaries of New York City."); *Bernardo v. Am. Idol Prods.*, 11-CV-0625 (CM), 2011 U.S. Dist. LEXIS 67749, at *15 (S.D.N.Y. June 21, 2011) ("the NYCHRL applies only to conduct occurring in New York City.").

These principles should apply with equal force to NYSCRL §§ 40 and 40-c, which contain no indication of extraterritorial reach, and Plaintiffs plead nothing suggesting the NYSCRL has any extraterritorial application.  Therefore the fourth and fifth causes of action should be dismissed as well.

**B.      Plaintiffs' Federal Claims Are Legally Deficient and Should Be Dismissed**

> **1.      Plaintiffs Fail to Allege That Two or More "Persons" Conspired, That Any Alleged Conspiracy Occurred in a State or Territory, or that Plaintiffs are a Protected Class, as Required Under 42 U.S.C. § 1985**

To sustain a cause of action under section 1985, Plaintiffs must show that "two or more persons in any State or Territory conspire[d] . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  Plaintiffs allege that Baidu and the PRC are the "two or more persons" that formed a conspiracy, *e.g.*, Compl. ¶¶ 21, 49, but the PRC is not a "person"

within the meaning of the statute.  *See Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1307

(D.C. Cir. 2002) ("a foreign government is not a 'person' within the meaning of section 1985");

*Rios v. Marshall*, 530 F. Supp. 351, 372 n.22 (S.D.N.Y. 1981) ("plaintiffs' surviving civil rights

claim must be dismissed since there is no reason to distinguish foreign states from either the

United States or individual states, neither of which are "persons" liable under the civil rights

laws."); *Santiago v. N.Y. State Dep't of Corr. Servs.*, 725 F. Supp. 780, 783 (S.D.N.Y. 1989)

(state agency cannot satisfy the 1985(3) predicate of "two or more persons"), *rev'd on other

grounds*, 945 F.2d 25 (2d Cir. 1991).[8]

    Plaintiffs also fail to allege that the purported conspiracy, or any conduct at all, occurred

in a "state or territory" of the United States.  *See Brundage v. U.S. Info. Agency*, No. 00-3124,

2000 WL 1909634, *2 n.2 (7th Cir. Dec. 19 2000) ("Because the acts complained of and the

alleged injuries occurred in Malaysia, section 1985—which prohibits conspiracies to violate civil

rights occurring 'in a State or Territory'—does not provide an avenue of relief.")

    Furthermore, Plaintiffs fail to allege they are members of a class of persons protected by

section 1985(3), such as a racial minority, or that they have any common membership, affiliation,

or organization.  *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (a section 1985(3)

conspiracy "must also be motivated by 'some racial or perhaps otherwise class-based, invidious

discriminatory animus behind the conspirators' action") (quoting *United Bhd. of Carpenters,

Local 610 v. Scott*, 463 U.S. 825, 829 (1983)).  They allege only that they each share the view

---

[8] Plaintiffs' conspiracy cause of action should be dismissed also because it contradicts
other allegations in the Complaint.  Baidu could not have both "conspired" with the PRC and
acted as "agent and enforcer of [its] policies."  *Compare, e.g.* Compl. ¶ 11 ("the conspiracy
between BAIDU.COM INC. and the [PRC]") *with* Compl. ¶ 16 (Baidu is the "agent and enforcer
of the policies of the [PRC]").  *See Davidson v. Yeshiva Univ.*, 555 F. Supp. 75, 79 (S.D.N.Y.
1982) (rejecting claim of conspiracy under section 1985(3) against university and its employees
because "[s]uch employees are agents of the defendant and cannot independently conspire with
their principal.").

that democracy should be implemented in the PRC, and that each favors the "Democracy movement," but fail entirely to plead the definition, extent, contours, membership, organization, structure, or any other details of the purported movement. *See, e.g.*, Compl. ¶¶ 10, 22, 27, 58; *see also Gleason v. McBride*, 869 F.2d 688, 695 (2d Cir. 1989) ("Gleason . . . alleged only that he was discriminated against because he was a political opponent of the defendants and was extremely vocal in his opposition . . . .  As the Fourth Circuit has held, 'those who are in political and philosophical opposition to [the defendants], and who are, in addition, outspoken in their criticism of the [defendants'] political and governmental attitudes and activities' do not constitute a cognizable class under section 1985.") (quoting *Rodgers v. Tolson*, 582 F.2d 315, 317 (4th Cir. 1978)); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) ("Whatever may be the precise meaning of a class . . . the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors.").

Plaintiffs' section 1985 cause of action should therefore be dismissed.

### 2.    Plaintiffs Fail to Allege That They are a Racial Minority or Experienced Discrimination on That Basis, as Required Under 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to . . . the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  To sustain a claim under section 1981, a plaintiff must plead membership in a racial minority and the defendant's intent to discriminate on the basis of race.  *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *see also Kashelkar v. Bluestone*, 306 F. App'x 690, 692 (2d Cir. 2009) (no section 1981 claim because plaintiff failed to allege membership in racial minority and discrimination on that basis).  Here, Plaintiffs plead neither, and their section 1981

cause of action should therefore be dismissed.

### 3. Plaintiffs Fail to Allege That Baidu Acted "Under Color" of the Law of a State or Territory of the United States or the District of Columbia, as Required Under 42 U.S.C § 1983

Plaintiffs' own allegations defeat any claim under section 1983. That statute prohibits a person acting "under color of any statute . . . of any State or Territory or the District of Columbia" from depriving someone of "any rights, privileges, or immunities secured by the Constitution and laws." *See also Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) ("[C]onduct by a private entity constitutes state action only when 'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself.'").

The statute's reference to "color of any statute" refers specifically to the law of a state or territory of the United States or the District of Columbia. *See Strickland ex rel. Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997) ("under color of" state law refers specifically to the law of a state, and not to federal law); *Holland v. Pinkerton Sec.*, 68 F. Supp. 2d 282, 283 (S.D.N.Y. 1999) (*Bivens* action is "federal common law counterparty to 42 U.S.C. § 1983" that permits parties "to hold federal officials liable for damages resulting from their actions committed under color of federal law.").

But Plaintiffs expressly allege that Baidu is acting as "agent and enforcer" of the policies *of the PRC*, Compl. ¶ 16—*not* under color of the law of any state or territory of the United States or the District of Columbia. This cause of action should therefore be dismissed.

11

C.    **Plaintiffs' Fourth Through Eighth Causes of Action, Alleged Under New York State and Local Laws and the New York State Constitution, Are Legally Deficient and Should Be Dismissed**

1.    **Plaintiffs State Law Claims Should Be Dismissed Because Plaintiffs Do Not Sufficiently Allege That the Baidu Search Engine is a "Place of Public Accommodation"**

Plaintiffs fail to plead that a search engine, such as the Baidu Search Engine, is a "place of public accommodation," which is fatal to all of Plaintiffs' state law claims.  Rather, they plead only that the Baidu Search Engine can be used to search for "information, products and services" available on the Internet.  *See* Compl. ¶¶ 12–20.  NYSCRL § 40 provides an extensive list of entities that qualify as places of public accommodation, but all of them are physical establishments and none of them are search engines.  *See also* NYSHRL § 292 (same); *Rochester Hosp. Svc. Corp. v. Div. of Human Rights of Exec. Dep't*, 92 Misc. 2d 705, 707–08 (Sup. Ct. Monroe Cnty. 1977) (insurance provider not a place of "public accommodation" under § 292).  Furthermore, the Court need not consider plaintiffs' bare, conclusory assertions, unsupported by facts, that the Baidu Search Engine is a place of public accommodation.  *See* Compl. ¶¶ 58, 61, 63, 66, 69.  *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

2.    **Plaintiffs' State Law Claims Should Be Dismissed Because Advocacy of the "Democracy Movement in China" is Not a Creed**

Plaintiffs allege that they have been denied equal rights in places of public accommodation because of their "creed"—"i.e. Plaintiffs' political belief in democracy and the democratic process for the citizens of China and Plaintiffs' political speech dealing with pro-democracy."  Compl. ¶ 58.  The term "creed" as used in the NYSCRL and NYSHRL, however, does not encompass such general political beliefs.

12

In *Hennessy v. City of Long Beach*, 258 F. Supp. 2d 200 (E.D.N.Y. 2003), for example, plaintiff alleged that he was fired for his "political association with the Republican Party," and brought discrimination claims under, *inter alia*, NYSCRL § 40-c(2) and NYSHRL § 291(1). The court held that plaintiff did not "allege that the defendants discriminated against the plaintiff on the basis of . . . creed." *Id.* at 206. *See also Eisert v. Town of Hempstead*, 918 F. Supp. 601, 615 (1996) ("Eisert also alleges claims pursuant to [NYSHRL] § 290 . . . and [NYSCRL] § 40-c(2). However, these statutes protect individuals against discrimination on the basis of [creed]. . . . The plaintiffs have offered no case law or reasoning that would extend these statutes to cover political association."); *Weinstock v. Ladisky*, 197 Misc. 859, 864 (Sup. Ct. N.Y. Cnty. 1950) ("The plaintiffs concede that except for reasons of race, creed, color or national origin . . . a labor union may legally exclude any one it pleases from admission to membership, even upon the ground of membership in any particular political party.").

If NYSCRL and NYSHRL do not reach association with a political party, they do not reach individuals with no discernible affiliation beyond common professed belief in broad democratic principles.

Furthermore, Plaintiffs' use of "creed" would expand the definition to encompass a simple "belief." This false equivalence is particularly repugnant to the First Amendment because plaintiffs such as these can claim discrimination if they perceive that *any* belief receives less than satisfactory exposition. If, for instance, Plaintiffs' belief in democracy is a "creed," so is belief in communism, totalitarianism, and fascism—and Baidu or any other person or entity would run

13

afoul of *anti-discrimination* statutes for refusing to advocate those ideas.  Plaintiffs' claims should be dismissed for failure to allege their beliefs constitute a creed.[9]

> **3.** **Plaintiffs' Fourth and Fifth Causes of Action, Asserted Under NYSCRL §§ 40 and 40-c, Respectively, Should Be Dismissed Because Plaintiffs Do Not Plead the Required Notification to the New York State Attorney General**

Section 41 of the NYSCRL requires a plaintiff to serve notice upon the NYAG of an action brought under Section 40 of the NYSCRL, "[a]t or before commencement of any action." Section 40-d of the NYSCRL requires the same notification to the NYAG "[a]t or before the commencement of any action" under Section 40-c.  *See Am. Atheists, Inc. v. Port Auth. of N.Y. and N.J.*, 11 Civ. 6026 (DAB), 2013 U.S. Dist. LEXIS 45496, at *41 (S.D.N.Y. Mar. 28, 2013) ("Before filing a Section 40 or Section 40-c action, Plaintiffs needed to serve notice of the action before the [NYAG]."); *Chun Suk Bak v. Flynn Meyer Sunnyside, Inc.*, 285 A.D.2d 523, 523 (2001) (affirming dismissal of claim under section 40-c because "[t]here is no allegation in the complaint that the plaintiff provided notice to the Attorney General at or before the commencement of the action as required by Civil Rights Law § 40-d.") (end citation omitted); *Luongo v. Nationwide Mut. Ins. Co.*, No. 95 Civ. 3190 (MBM), 1996 WL 445365, *3 (S.D.N.Y. Aug. 7, 1996) ("Plaintiff's failure to meet this strictly applied notification requirement compels dismissal of her § 40-c claim.").

The Complaint nowhere alleges that Plaintiffs fulfilled this strict requirement, and therefore their fourth and fifth causes of action should be dismissed.

---

[9] Plaintiffs' eighth cause of action should also be dismissed because Article I, § 11 "is not self-executing . . . and prohibits discrimination only as to civil rights which are 'elsewhere declared' by Constitution, statute, or common law."  *People v. Kern*, 75 N.Y.2d 638, 651 (1990). Plaintiffs have failed to allege not only that their civil rights have been violated, but also that the "right" to require others to display or provide access to their works is a civil right, "elsewhere declared," in the first place.

**CONCLUSION**

Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.

Dated:  New York, New York
        August 5, 2013                         QUINN EMANUEL URQUHART
                                                 & SULLIVAN, LLP

                                               By: /s/ Carey R. Ramos
                                                   Carey R. Ramos
                                                   (careyramos@quinnemanuel.com)
                                                   Jacob J. Waldman
                                                   (jacobwaldman@quinnemanuel.com)
                                                   51 Madison Ave, 22nd Floor
                                                   New York, New York 10010
                                                   Tel.: (212) 849-7000
                                                   Fax:  (212) 849-7100

                                               *Attorneys for Defendant Baidu, Inc.*